RAINBOW, The (ACKER v.). See Case No. 26.

RAINBOW, The (BULGIN v.). See Case No. 2,116.

RAINBOW, The (TREAT v.). See Case No. 14,161.

### Case No. 11,536.
#### RAINER v. HAYNES.
[Hempst. 689.] [1]

Circuit Court, D. Arkansas. April 20, 1854.

DEPOSITIONS — BY WHOM WRITTEN — FORM OF CERTIFICATE.

1. In taking depositions under the act of 1789 (1 Stat. 88), it must appear that the witness was sworn to testify the whole truth; also, that the deposition was written by the magistrate, or by the deponent in his presence; otherwise, it is not admissible.

2. The magistrate cannot depute a person to write the deposition.

3. Form of certificate, and judicial decisions as to depositions in note.

Depositions taken on behalf of the defendant [John D. Haynes], under the 30th section of the judiciary act of 1789, were objected to by the plaintiff [Thomas G. Rainer, use of Joseph H. Boyle], on the following grounds: (1) That the magistrate certified that the witnesses were by him first "carefully examined and cautioned and duly sworn to testify the truth in regard to the matters in controversy," whereas by the act of congress the oath or affirmation should have been to testify "the whole truth." 1 Stat. 89; Garrett v. Woodward [Case No. 5,253]; Burroughs v. Booth, 1 D. Chip. 106; Pentleton v. Forbes [Case No. 10,966]. (2) That the magistrate certified that the several depositions of the witnesses were reduced to writing by one of the witnesses, and not by himself. (3) That the magistrate failed to state that the depositions were reduced to writing in his presence.

On the first objection it was argued, that the object in view by the act was to obtain the whole truth from a witness with regard to the matter in dispute, that to swear a witness to state the truth, was manifestly not equivalent to an oath to state the whole truth, and that a witness might truly state the facts as far as he went, keeping back material facts, and could well say on an indictment for perjury, that he had testified the truth; and that the oath he had taken did not oblige him to state the whole truth, and so he must be sworn to testify the whole truth, and that must appear in some form. It was admitted that where the form of the oath was not given; but it was certified, that the witness "was duly sworn, according to law," or "sworn in pursuance of the

[1] [Reported by Samuel H. Hempstead, Esq.]

act of congress," that would be sufficient; because then it must be intended that the oath, as prescribed by the act, was properly administered. Moore v. Nelson [Case No. 9,771]; Doe v. King, 3 How. (Miss.) 125. But where the magistrate, as in this case, sets out the oath administered, and it thereby appears that the act has not been observed, no intendment can be made, and the objection is fatal. As to the second objection, that that was fatal, as had been just decided in the cases of Marston v. McRea [Id. 9,141]; Wilson v. Smith, 5 Yerg. 379. That the third objection was fatal, as appeared from the act of congress and adjudged cases. [Bell v. Morrison] 1 Pet. [26 U. S.] 355; Voce v. Lawrence [Case No. 16,979]; Edmondson v. Barrell [Id. 4,284]; Pettibone v. Derringer [Id. 11,043].

S. H. Hempstead, for plaintiff.

E. Cummins and J. M. Curran, for defendant.

RINGO, District Judge, assenting to these views, held, that for either of the objections, the depositions were inadmissible, and ordered the same to be suppressed, and on the affidavit of the defendant, and it appearing that the depositions were material, continued the cause.[2]

---

[2] As depositions under the act of 1789, are required to be taken with great care, and to comply with the requisitions of the act, it may be useful to copy the certifying portion of a deposition taken and used in a case in the circuit court of the United States for the Eastern district of Arkansas, at April term, 1854, and which is unusually formal and correct, and will stand all tests. The form can be easily varied to suit any case where a deposition is desired on account of the residence of the witness more than one hundred miles from the place of trial. It is as follows:

"United States of America, State of Pennsylvania, County of Philadelphia, City of Philadelphia, ss.

"I certify that on the sixth day of March, A. D. 1854, before me, Charles Gilpin, mayor of the city of Philadelphia aforesaid, at the mayor's office in said city, county, and state, between the usual hours of business, was produced to and personally came before me, Alexander J. Fromberger, a witness in behalf of the plaintiffs, to depose in a civil cause depending in the circuit court of the United States for the Eastern district of Arkansas, held at Little Rock in said district, on the common law side of said court, wherein John Eckel, William Raignel, Augustus H. Raignel, Samuel Moore, John G. Ulph, and William G. Skillman, late partners, and trading and doing business under the partnership name and style of 'Eckel, Raignel & Co.,' are plaintiffs, and Samuel Adler is defendant, in an action of assumpsit, and whose testimony is alleged to be material in said civil cause, in behalf of the plaintiffs.

"And the said Alexander J. Fromberger, being of lawful age and sound mind, and being by me first carefully examined, cautioned, and duly sworn to testify the whole truth touching the matters in controversy in said civil cause, deposes and says (then followed the deposition, which was reduced to writing by the mayor and signed by the witness, and the certificate proceeded as follows):

"I further certify that the foregoing deposi-

---

tion of Alexander J. Fromberger was then and there reduced to writing by me in the presence of the deponent and by him subscribed in my presence after having been so reduced to writing.

"I further certify that the reason for taking said deposition was and is, and the fact was and is that the deponent lives at the city of Philadelphia, more than one hundred miles from Little Rock, in the said Eastern district of Arkansas, where the said civil cause is appointed by law to be tried; and that no notice was made out or given by me to the said Samuel Adler, the defendant and adverse party, or his attorney, to be present at the taking of the said deposition, and to put interrogatories if thought fit, because neither said defendant nor attorney, were, to my knowledge, within one hundred miles of the place named in the caption, where said deposition was taken, so as to enable notice to be given.

"I further certify that I am not of counsel, nor attorney to either of the parties to this suit, nor interested in the event of this cause.

"I further certify that it being impracticable for me to deliver said deposition with my own hand into the court for which it was taken, I have retained the same for the purpose of being sealed up by me, and speedily and safely transmitted by the United States mail to the said court, for which it was taken, and to remain under my seal until there opened.

"I further certify that the fee for taking said deposition, amounting to six dollars and fifty cents, has been paid to me by the plaintiffs, and that the same is just and reasonable for the services performed.

"Given under my hand at the city of Philadelphia, state of Pennsylvania, this sixth day of March, A. D. 1854.

"Charles Gilpin, Mayor."

On the back of the package was indorsed: "Sealed up and deposited this package in the post-office this sixth day of March, A. D. 1854, post-paid, for the purpose of being forwarded to its destination by mail. Charles Gilpin, Mayor."

On the face of the package was indorsed: "To the clerk of the circuit court of the United States, Eastern district of Arkansas, Little Rock, Arkansas." And further, as follows: "Deposition on the part of the plaintiffs, in the case of Eckel, Raignel & Co. v. Samuel Adler."

